# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2013

No. 12-51005
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL MERIDYTH,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:99-CR-36-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Meridyth appeals the district court's revoking his term of supervised release and imposing a sentence of, *inter alia*, 24 months' imprisonment. The Government petitioned for the revocation based upon an incident resulting in state charges for driving while intoxicated, resisting arrest, and obstruction or retaliation. Meridyth contends: the district court erred by failing to wait for adjudication of his pending state charges before deciding if revocation was warranted; and his sentence is substantively unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it is greater than necessary in the light of the nature and circumstances of his case.

Because Meridyth did not object in district court to the reasonableness of the sentence, review of that issue is only for plain error. *E.g.*, *United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). For reversible plain error, Meridyth must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

The sentence imposed upon revocation did not exceed the applicable statutory maximum. *See* 18 U.S.C. § 3583(e)(3), (h) (maximum terms of imprisonment and supervised release following revocation). And, it was below the advisory Guidelines sentencing range of 51 to 60 months' imprisonment. Meridyth fails to show clear or obvious error, particularly given the district courts' wide latitude to devise appropriate revocation sentences. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

To the extent Meridyth asserts the court erred by failing to wait for the state court to adjudicate the pending charges, he fails to cite authority that adequately supports that contention. In any event, the district court properly revoked his term of supervised release after finding by the requisite *preponderance of the evidence* that he had violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008).

AFFIRMED.